## Simon Cooke *et al.*, Petitioners, &c.

The proceedings, pursuant to statute, upon an information filed for the purpose o.
causing a convict in the State prison to be sentenced to additional punishment by
reason of his being imprisoned upon a second or third conviction, are according to
the course of the common law, and consequently the remedy to reverse a judgment
rendered upon such an information, is by writ of error and not by certiorari.

In criminal cases, error lies to reverse the judgment of an inferior court against the
defendant, notwithstanding he had a right of appeal.

In the case of Cooke it appeared, that in 1822, upon
conviction for larceny, he was sentenced to hard labor for four
years in the State prison ; and that at the November term of
this Court in 1825, an information was filed, alleging that
before 1822 he had been twice convicted of larceny and
sentenced each time for a term of years, and that upon the
third conviction the sentence ought to have been imprison-
ment for life ; and that upon this information he was accord-
ingly sentenced to the State prison for life.  He now filed
his petition for a writ of certiorari, or a writ of error, to
reverse this judgment, on the ground that one of the convic-
tions, upon which he was sentenced to solitary imprisonment
for twenty days, and to confinement to hard labor for one
year, was for an offence not punishable by imprisonment for
a term of years.

The other petitioners severally applied for a writ of cer
tiorari or a writ of error to the Municipal Court, to reverse
judgments rendered by that court upon similar informations.

The question was whether a writ of certiorari or a writ of
error was the proper remedy.

*March* 20th      *Leland*, for the petitioners, contended that although an in-
formation is a common law process, yet that in the cases
before the Court the proceedings were of a peculiar nature,
pursuant to the statute of 1817, *c.* 176, § 5, 6, and not ac-
cording to the course of the common law ; and consequently
that the proper remedy of the petitioners was by certiorari.
*Gile* v. *Moore*, 2 Pick. 386 ; *Clark* v. *Commonwealth*, 4
Pick. 125.   In the analogous cases of *Phillips*, 11 Pick. 28,
and *Seymour*, 14 Pick. 40, a certiorari was allowed.

*Austin*, (attorney-general,) *contrà*, maintained, that in the

case of Cooke, whose additional punishment had been awarded in this Court, a writ of error should have been brought ; that the issuing of such a writ did not depend (as had been suggested by the petitioners' counsel, citing *Regina* v. *Paty*, 2 Salk. 504,) in the case either of felony, or of any other offence, upon the fiat of the attorney-general, which was a thing unknown in our practice, but that it was a writ to which a party is entitled as a matter of right ; that, however, upon these informations the petitioners were not put to plead to a charge of felony, but the inquiry was merely whether they were the same persons who had been before convicted ; that the form of the proceedings was according to the course of the common law, notwithstanding they were grounded upon a statute ; that upon a writ of error the judgment would be reversed so far only as it was erroneous, in which respect the ends of justice would be better attained than upon a certiorari ; and that *Riley's case*, 2 Pick. 172, was a direct authority for a writ of error. *Commonwealth* v. *Ellis*, 11 Mass. R. 466 ; *Brown* v. *Commonwealth*, 8 Mass. R. 59.

In regard to the additional sentences passed in the Municipal Court the attorney-general contended that an appeal was the only remedy, but if certiorari or error lay, he insisted that error was the appropriate process.

*Leland*, in reply, said that in civil cases the right of appeal had been construed to take away the right to writ of error, because it was a more beneficial remedy ; but the same reason would not apply to criminal cases, where frequently the party might be unable to procure sureties to recognise with him to prosecute his appeal and abide the order of the court thereon. *Skipwith* v. *Hill*, 2 Mass. R. 35 ; *Savage* v. *Gulliver*, 4 Mass. R. 171 ; *Jarvis* v. *Blanchard*, 6 Mass. R. 4 ; *St.* 1799, *c.* 81, § 7 ; *St.* 1812, *c.* 133 ; *St.* 1827, *c.* 118, § 20 ; [see Revised Stat. *c.* 144, § 36.]

WILDE J. delivered the opinion of the Court. In most *March 34* of the cases submitted the petitioners severally apply for certiorari or a writ of error to issue to the Municipal Court for the city of Boston, suggesting certain errors in the record of the proceedings of that court, on several informations upon which the petitioners have been convicted and sentenced to

confinement to hard labor. The errors suggested are similar to the one which has been recently considered in the case of *Ex parte Seymour*, 14 Pick. 40.

The principal question is, whether the appropriate and proper remedy be by certiorari or writ of error.

It may seem somewhat remarkable that this question has not been before raised and settled ; but the reason probably is, that on similar applications the officers of government have not thought it important to object to the form of the process, by which relief has been sought.

Accordingly we find that, without objection or discussion, proceedings have been quashed on certiorari, and judgments have been reversed on writs of error, for similar errors.

But the question being now raised, we are called upon to decide which form of process in the present cases is the proper remedy, or whether either form may not be regular. Some confusion has arisen from not adverting to the different purposes for which in England writs of certiorari are allowed.

By the common law of England, the Court of King's Bench, having a general superintendency over all other courts of criminal jurisdiction, whether they be of an ancient or new created jurisdiction, may at any time before trial award a certiorari to remove the proceedings before any such courts, unless by statute such superintendency is expressly taken away ; and even after trial, and before judgment, or final decision of the case, in the court below, a certiorari may be awarded, which will operate as a supersedeas to the court below. And this may be done, either for the purpose of determining the validity of an indictment or appeal and the proceedings thereon, or for trial at the bar of the court, or before the justices of nisi prius, or it may be so removed for the purpose of pleading the king's pardon, or to issue process of outlawry against the offender, in those counties or places where the process of the inferior judges will not reach him 4 Bl. Com. 320 ; 2 Hale's P. C. 210.

This power of the Court of King's Bench to remove causes pending before inferior tribunals for trial, was conferred probably in favor of the king's prerogative partly, and partly from the same principle on which the courts were authorized

to change the venue in civil cases. The writers on criminal law, and many of the English authorities, treat only of this branch of the jurisdiction of the Court of King's Bench, which is foreign to our system of jurisprudence, and has no application to the question under consideration. The question is, what is the legal and proper remedy or process, for the purpose of correcting any errors in the proceedings, after final judgment rendered, or the final decision of the cause ; and it seems to be well settled, by the English authorities, that after final judgment in a court of record, proceeding according to the course of the common law, the only remedy is by writ of error. But where the court below is not a court of record, or does not proceed according to the course of the common law, no writ of error will lie, and the proper remedy is by certiorari. In the case of *The King* v. *The Inhabitants of Seton*, 7 T. R. 373, the defendants were indicted for not repairing a road, and after verdict and judgment at the quarter sessions, a certiorari was served to remove the record into the Court of King's Bench, and on motion the certiorari was quashed, *quia improvidè emanavit.* Lord *Kenyon* says, " In the case of summary proceedings, orders, and convictions before magistrates, the proceedings may be removed by certiorari after judgment, because such proceedings can only be removed by certiorari ; but where a judgment has been given on an indictment, the record must be removed by writ of error."

The same doctrine is laid down in Co. Lit. 288. " A writ of error lyeth when a man is grieved by any error in the foundation, proceeding, judgment, or execution. But without a judgment, or an award in nature of a judgment, no writ of error doth lie ; for the words of the writ be, *si judicium redditum sit.* And that judgment must regularly be given by judges of record, and in a court of record, and not by any other inferior judges in base courts, for thereupon a writ of false judgment doth lie." The same general principle is laid down, and has been frequently recognised, by this Court. Still, however, it must be admitted, as Mr. Dane justly remarks, " that the cases run into each other in no small degree ; **not**

Cooke,
Petitioner,
&c.

so much from any defects in the rules of distinction, but from the indistinctness of the cases."

The question then is narrowed down to the single point, whether the convictions in these cases, and the judgments thereon, were had in a court of record proceeding according to the course of the common law, or in other words, whether a writ of error lies ; for if it does, it is clear that certiorari will not.

That the Municipal Court is a court of record, and proceeds generally according to the course of the common law, is not denied, but the petitioners' counsel contend that the proceedings on the information, and the awarding of an additional punishment on a former conviction, was not in pursuance of any known principle of the common law. But these proceedings by information are provided for the purpose of correcting and setting right the sentence on the conviction. The petitioners were regularly convicted according to the course of the common law, and were convicted of no new offence Upon the information an additional punishment was awarded, as suppletory to the original sentence ; and although the additional punishment was founded solely on statute, yet it by no means follows that the mode of procedure was inconsistent with the course and the principles of the common law. On the contrary, the course of procedure was strictly according to the form of proceeding at common law. The defendant pleaded to the information, and was entitled to trial by jury, as he would have been on indictment, or any other informa tion ; so that if this information had been for a new offence, the proceedings upon it were according to the course of the common law ; and the petitioners cannot be deprived of their remedy by writ of error, which is a writ *ex debito justitiæ*, because the punishment and the manner of awarding it were prescribed by statute. In the case of the *Commonwealth* v. *Phillips*, 11 Pick. 28, exceptions were allowed in the Municipal Court and argued in this Court, and in all respects the mode of procedure, on these and similar informations, has been substantially according to the course of the common law. We think therefore a writ of error is the proper remedy in all these cases, unless the right has been taken away in the

cases tried in the Municipal Court, from the judgments of which the petitioners were entitled to appeal ; which the attorney-general contends takes away the remedy by writ of error, by reasonable implication ; and in civil actions it has been so decided ; the remedy by appeal being considered as the easier and more beneficial remedy. But in criminal cases, so far from the remedy by appeal being an easier and more beneficial remedy for the convict, it not unfrequently happens that he is wholly unable to avail himself of that remedy, by reason of his inability to procure sureties to recognise with him for prosecuting his appeal, and abiding the order of court thereon. To decide in such cases, that the convict's right to sue out a writ of error, to reverse an erroneous judgment, has been taken away by a reasonable implication, would be a hard decision, and cannot be warranted by any of the reasons given for the decisions of the Court in civil suits.